

ORDERED in the Southern District of Florida on January 25, 2011.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In Re:                                            Chapter 13

JOSE A. MARTINEZ,                    Case No.: 10-39890-AJC
     Debtor                    /

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY JP MORGAN CHASE BANK (LOAN NO.XXXXXX5456)

THIS CASE came to be heard on January 18, 2011 on the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property (Docket Entry #37). Based upon the debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of the debtor's real property located at: 1155 W 40th Street, Apt#17, Hialeah, FL 33012, and more particularly described as: Mango Hill Condo No. 6, Unit 17, according to the Plat thereof, as recorded in Plat Book 10187, page 10187 of the public records of MIAMI-DADE County, Florida is $78,500.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of JP Morgan Chase is $91,000.00

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED.**

2. JP Morgan Chase (Loan No. xxxxx5456) has an allowed secured claim in the amount of $0.00.

3. Because lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded on Book 10187, page 10187 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtors' discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the real Property

4. (Select only one):

    __x__ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in

excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

___    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $0.00 regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor received a discharge in this chapter 13 case.

# # #

This Order prepared by:
Robert Sanchez, Esq.
Robert Sanchez, P.A.
900 W. 49th Street, # 500
Hialeah, FL 33012
Tel. 305-687-8008

*The Law Office of Robert Sanchez, P.A., (Debtor's attorney) is directed to furnish a complete and correct copy of this order to all interested parties.*